_____
                                        )
RENE OSWALD COBAR,                      )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )          Civil Action No. 12-1222 (ESH)
                                        )
U.S. DEPARTMENT OF JUSTICE,             )
                                        )
            Defendant.                  )
_____ )

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant's Second Motion for Summary Judgment

[Dkt. No. 34]. For the reasons discussed below, the motion will be denied without prejudice.

Plaintiff brought this action under the Freedom of Information Act ("FOIA"), 5 U.S.C.

§ 552, seeking information pertaining to Carlos Javier Aguilar-Alvarez, who testified as a

confidential informant at a trial in which plaintiff was convicted of conspiracy to import five or

more kilograms of cocaine. (Compl., Aug. 13, 2012 [Dkt. No. 12] at 2 & Ex. A (FOIA Request

dated October 16, 2011); Def.'s Mem. of P. & A. in Supp. of its Mot. for Summ. J. [Dkt. No. 22-

2], Decl. of William C. Little, Jr. ("Little Decl."), Ex. A (FOIA Request dated October 18,

2011).)* In relevant part, plaintiff's FOIA request reads:

> The records sought are but [are] not limited to: (1) Any and all information
> concerning the criminal records of the "Deactivated" "DEA"-CI of Carlos
> Aguilar-Alvarez #CS-01-102375, (2) the disclosure of the DEA-CI cooperation
> contract (DEA-473) the full and complete signed form DEA-473 by the CI-
> Aguilar-Alvarez and the "DEA". (3) According to a Sworn Affidavit of the DEA
> SA Anthony J. Casullo of Las Vegas NV DO Group 1, Carlos Aguilar-Alvarez
> was "Activated" as a confidential informant ("CI") by the "DEA" in October of

_____

* It appears that the FOIA request dated October 18, 2011 is a signed copy of the request dated
October 16, 2011.

2003, and on February 4, 2009, the "CI" Aguilar-Alvarez was "Deactivated" by the "DEA" for being an <u>untruthful</u> and <u>unreliable</u> witness . . . . (4) This request also seek[s] the disclosure of records regarding a prior "deactivation" of the CI-Aguilar-Alvarez on or about December 2003 by the SA Anthony J. Casullo at Las Vegas DO Group 1 . . . .

(Compl., Ex. A (emphasis in original).) Attached to the request was a copy of the sworn affidavit of DEA Special Agent Anthony J. Casullo, Jr., describing the circumstances under which Aguilar-Alvarez was "debriefed" in October of 2003 "regarding the illicit drug trafficking activities of [plaintiff Rene Oswald Cobar] and his associates." (Compl., Ex. F ¶ 4.) According to Special Agent Casullo, "[o]n February 4, 2010, AGUILAR-ALVAREZ was deactivated by the DEA for providing untruthful information during an investigation initiated in October of 2009." (*Id.* ¶ 6.)

The DEA initially treated plaintiff's FOIA request as one "for criminal investigative records maintained by DEA related to a third party" and provided a *Glomar* response. (Little Decl. ¶¶ 18, 57.) After briefing on a summary judgment motion, the Court rejected the DEA's *Glomar* response because the Aguilar-Alvarez's identity as a confidential informant had been officially confirmed. *Cobar v. U.S. Dep't of Justice*, 953 F. Supp. 2d 1, 5 (D.D.C. 2013). In so doing, the Court clarified that "[t]he unavailability of a *Glomar* response as to the existence of responsive records does not mean that DEA is required to disclose the content of any particular record," but that "defendant must 'proceed to the filing of a *Vaughn* index or other description of the kind of documents the [agency] possesses, followed by litigation regarding whether the exemptions apply to those documents.'" *Id.* (quoting *Am. Civil Liberties Union v. CIA*, 710 F.3d 422, 432 (D.C. Cir. 2013)).

Having considered defendant's second motion for summary judgment, plaintiff's opposition, the DEA's affidavit, and all other record evidence, the Court is unable to conclude that the DEA has followed the Court's prior instructions and fulfilled its duties under FOIA.

First, it is not clear whether the DEA has actually performed a search for agency records responsive to plaintiff's request. While defendant's brief suggests that the DEA "searched" its file systems for responsive records (Def.'s Mem. of P. & A. in Support of its Second Mot. for Summ. J. ("Def.'s Mem.") [Dkt. No. 34-1] at 5-6), the supporting affidavit is ambiguous on the point. (*See* Def.'s Mem., Supplemental Decl. of William C. Little, Jr. ("Second Little Decl.") [Dkt. No. 34-2] ¶ 44.) The affidavit explained that "investigative records and information related to . . . Aguilar-Alvarez *are reasonably likely* to be contained or maintained in the DEA Investigative Reporting and Filing System, JUSTICE/DEA-008 (IRFS)" and that information as to Aguilar-Alvarez's "status . . . as a confidential source *is reasonably likely* to be found in the DEA Operations Files, JUSTICE/DEA-011." (*Id.* ¶ 10 (emphasis added).) Within those databases, the affidavit then identified what types of records "would contain information responsive to plaintiffs' request." (*Id.* ¶ 34 (as to confidential source status); *see also id.* ¶ 22 (as to criminal investigative records).) The affidavit further concluded that "[n]o other systems of records maintained by DEA are reasonably likely to contain the records plaintiff requested." (*Id.* ¶ 11.)

However, the affidavit does not clearly establish that DEA actually searched the aforementioned databases for responsive documents. Instead, it appears that the DEA may be asserting exemptions under FOIA based solely on the scope and content of plaintiff's request. An agency cannot avoid its duty to perform a FOIA search by describing a proposed search and predicting – whether accurately or not – that all responsive documents would be exempt from disclosure. Because the DEA does not deny that it has records that are likely to be responsive to plaintiff's request, "it was obligated to search those records." *Morley v. Cent. Intelligence Agency*, 508 F.3d 1108, 1119 (D.C. Cir. 2007). If the DEA has not yet searched for records

3

responsive to plaintiff's request, it must do so. And once the DEA has performed its search (or if it already has), it must produce all responsive records to the Court for *in camera* review.

The Court is also uncertain on what basis the DEA neither confirms nor denies the existence of criminal history records pertaining to Aguilar-Alvarez. Defendant's brief states that the DEA is employing a *Glomar* response as to any such criminal history records (in particular those unrelated to Aguilar-Alvarez's role as a confidential informant in plaintiff's case). (*See* Def.'s Mem. at 5-6, 21-22.) However, DEA's declarant explicitly states that "DEA is no longer neither confirming or denying the existence of *DEA records* responsive to plaintiff's request." (Second Little Decl. ¶ 44 (emphasis added).) Instead, DEA seems to refuse to confirm or deny the existence of any responsive criminal history records because they "are not DEA records or maintained in a DEA record system administered by DEA." (*Id.* ¶ 4.) DEA's declarant explains that the DEA obtains criminal history records "from the Federal Bureau of Investigation, Criminal Justice Information Systems, [and] the National Crime Information Center," and that no criminal history records are obtained from a system maintained or administered by the DEA. (*Id.*) The declarant also states, however, that an informant's Confidential Source file would "contain documents and reports related to the source[,]" such as "Criminal History records which consist of NCIC/CCH/III Criminal Records Checks." (*Id.* ¶ 27.) If DEA had acquired and possessed "Criminal History records" in Aguilar-Alvarez's Confidential Source file at the time it received plaintiff's FOIA request, that information would be a DEA record subject to FOIA disclosure unless an exemption applied. *See U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 144-45 (1989) (the term "agency record" is broad enough to include records acquired by an agency.)

Perhaps because DEA never performed a search, the declarant does not explain whether the Confidential Source file for Aguilar-Alvarez contains any criminal history records. To the extent it does, those records are DEA records subject to FOIA and their existence cannot be "neither confirmed nor denied" by the DEA as non-agency records. The DEA accordingly shall produce for the Court's *in camera* inspection any criminal history records pertaining to Aguilar-Alvarez that were DEA's possession at the time plaintiff filed his FOIA request.

## ORDER

For the foregoing reasons, it is hereby

**ORDERED** that Defendant's Second Motion for Summary Judgment [ECF No. 34] is **DENIED WITHOUT PREJUDICE**; and further it is

**ORDERED** that defendant shall, on or before June 20, 2014, produce for the Court's *in camera* review all agency records that are responsive to plaintiff's request and file a renewed motion for summary judgment that explains the exemptions invoked to justify its withholdings under FOIA.

**SO ORDERED.**

_____/s/_____
ELLEN SEGAL HUVELLE
United States District Judge

DATE: May 2, 2014